J-S40020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT L. WOODARD, | : | |
| | : | |
| Appellant | : | No. 49 EDA 2017 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0220171-1992

BEFORE: OTT, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 11, 2017**

Appellant, Robert L. Woodard,[1] appeals from the Order entered in the

Philadelphia County Court of Common Pleas dismissing his thirteenth Petition

filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-

9546, as untimely. After careful review, we affirm on the basis that

Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction

to review the Petition.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As this Court explained in a prior decision, Woodard's surname is listed in
the certified record both as Woodward and Woodard. It appears that his
correct surname name is Woodard. We have changed the caption
accordingly.

On December 10, 1992, a jury convicted Appellant of multiple counts of Robbery, Burglary, Rape, and Possessing an Instrument of Crime.[2]  On March 29, 1993, the trial court imposed an aggregate term of 48 to 96 years' incarceration.  On May 5, 1994, we affirmed Appellant's Judgment of Sentence.  **See Commonwealth v. Woodard**, 647 A.2d 268 (Pa. Super. filed May 5, 1994) (unpublished memorandum).

Appellant did not seek review by the Pennsylvania Supreme Court. Appellant's Judgment of Sentence, therefore, became final on June 4, 1994. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

Over the course of the next twenty years, Appellant filed twelve PCRA Petitions, each of which were dismissed either because they lacked merit or because they were patently untimely under the strict terms of the PCRA. This Court affirmed each dismissal on appeal.

Appellant filed the instant *pro se* PCRA Petition, his thirteenth, on September 19, 2016, more than twenty-two years after his Judgment of Sentence became final.  Relying on **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa.

---

[2] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 3502; 18 Pa.C.S. § 3121; and 18 Pa.C.S. § 907, respectively.

Super. 2014),[3] Appellant averred that he received an illegal mandatory minimum sentence as a result of being sentenced under 42 Pa.C.S. § 9714.

On October 4, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. Appellant did not file a response.

On November 18, 2016, the PCRA court dismissed Appellant's Petition without a hearing, concluding that "*Alleyne* is inapplicable to [Appellant's] sentence."[4] PCRA Court Opinion, dated 11/18/16, at 1.

Appellant timely appealed on December 14, 2016. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors. The PCRA court filed a brief Pa.R.A.P. 1925(a) Opinion incorporating several of its prior Opinions.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where

---

[3] *Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2160-61. In *Newman*, this Court held that pursuant to *Alleyne*, 42 Pa.C.S. § 9712.1 is no longer constitutional. *Newman*, 99 A.3d at 88.

[4] The PCRA court noted that this was Appellant's fourth PCRA Petition invoking *Alleyne* in an attempt to vacate his Judgment of Sentence.

- 3 -

the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on June 4, 1994, upon expiration of the time to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. In order to be timely, Appellant needed to submit his PCRA Petition by June 4, 1995. *Id.* Appellant filed this PCRA Petition on September 19, 2016,

more than two decades after the one-year deadline. Thus, Appellant's Petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See also, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, in relying on **Alleyne** and **Newman**, **supra**, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) to challenge the legality of his sentence, averring that the court applied Section 9714's mandatory minimum.

Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

The United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013, *i.e.*, by August 16, 2013.[5] **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA Petition on September 19, 2016, over three years after the **Alleyne** decision.

---

[5] This Court applied **Alleyne** in **Newman**, **supra**, on August 20, 2014. However, the clear terms of 42 Pa.C.S. § 9545(b)(1)(iii) only apply to decisions issued by the U.S. Supreme Court and the Pennsylvania Supreme Court. **See also Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016).

Moreover, our Supreme Court has recently reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. filed July 19, 2016).[6]

Accordingly, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's untimely Petition. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017

---

[6] Appellant acknowledges that *Washington*, *supra*, is "binding" precedent. Appellant's Brief at 10.